# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO.: 1:16-CR-81-TLS |
| | ) | |
| ANDREW L. FITCH | ) | |

## OPINION AND ORDER

The Defendant, Andrew L Fitch, is charged by way of Indictment with possessing with intent to distribute methamphetamine. The Defendant seeks to suppress evidence discovered by police officers when he was arrested on August 20, 2016. (Mot. to Suppress, ECF No. 32.) He contends that all of the evidence was obtained as a result of an unlawful search of his motorcycle. This Court referred the matter to Magistrate Judge Susan L. Collins to review the Motion and the Government's response, to conduct any and all necessary evidentiary hearings, to order additional briefing, and to issue a report and recommendation that includes proposed findings of fact and recommendations for the disposition of the Defendant's Motion to Suppress. The Magistrate Judge presided over an evidentiary hearing where Angola City Police Department Officers Matthew Kling and Brandon Booth testified. After receiving post-hearing briefs, the Magistrate Judge issued a Report and Recommendation [ECF No. 44], and advised the parties that they had fourteen days to file objections.

In the Report and Recommendation, issued on May 24, 2018, the Magistrate Judge found that the search of the Defendant's motorcycle did not violate the Fourth Amendment. Specifically, both the automobile exception and the inventory search exception applied to the search of the Defendant's motorcycle on August 20, 2016. The Magistrate Judge concluded that a third exception, which applies to searches of vehicles incident to arrest, did not apply because

the police were searching for evidence that was not related to the crime of arrest—resisting law enforcement. On June 5, 2018, the Government filed its Objection to Magistrate's Report and Recommendation [ECF No. 45]. Although the Government agreed with the Magistrate Judge's analysis of the automobile and inventory search exception, it submitted that the search was also a valid search incident to arrest as recognized in *Arizona v. Gant*, 556 U.S. 332, 351 (2009).

The Defendant has not filed any objections to the Report and Recommendation.

## ANALYSIS

Under 28 U.S.C. § 636(b)(1)(A)–(B), a magistrate judge does not have authority to issue a final order on a motion to suppress evidence in a criminal case. Instead, the magistrate judge submits proposed findings of fact and recommendations to the district court. If a party files a timely objection to the magistrate judge's report and recommendation, § 636(b)(1) provides that

> the district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The court may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge also may receive further evidence or recommit the matter to the magistrate judge with instructions.

Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Neither party has requested a hearing or challenged the Magistrate Judge's recitation of the facts, and the Court ADOPTS the findings of fact in full. The only objection is to the legal analysis regarding one of the recognized exceptions to the Fourth Amendment's warrant requirement. The Court finds that the record before the Magistrate Judge is sufficient to allow this Court to make a de novo determination on that issue. *See United States v. Raddatz*, 447 U.S.

667, 673–76 (1980) (holding that de novo review does not require a de novo evidentiary hearing, even when witness credibility is at issue).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless searches "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnote omitted). In its submissions to the Magistrate Judge, the Government argued that three exceptions to the prohibition on warrantless searches applied to the circumstances of this case. As stated above, the Magistrate Judge found that two of those exceptions applied—the automobile exception and inventory search exception—but that the search did not meet the requirements for a search incident to the arrest of an occupant.

A. **Automobile Exception**

The Court finds that the facts, as set forth in the Report and Recommendation, support the application of the automobile exception. The Report accurately cites the case law that permits a vehicle search and any containers therein if officers have probable cause to believe that they will find evidence of criminal activity. *See United States v. Nicksion*, 628 F.3d 368, 377 (7th Cir. 2010). This evidence need not relate to the offense of arrest. *Id.* Here, the facts known to the officers would cause a reasonably prudent person to believe that the Defendant was carrying illegal drugs and related items with him on his motorcycle. The Defendant had just a few days earlier evaded police on a motorcycle, fled from Officer Kling on a motorcycle, asked for a cigarette when he was placed in the police vehicle because he stated he was going to be

3

gone for awhile, had an active arrest warrant for possession of methamphetamine, was well known as a drug dealer among Angola officers, including Officer Kling, and had a 2010 conviction for methamphetamine possession. The Report adequately addressed the Defendant's complaint that Officer Kling violated the police department's policy regarding the types of vehicles that can be used in a pursuit as one that was not pertinent to the Fourth Amendment issue. Finding no clear error, the Court ADOPTS the conclusion that the search of the motorcycle was lawful pursuant to the automobile exception.

**B.     Inventory Search Exception**

The facts, as set forth in the Report and Recommendation, also support the application of the inventory search exception. The Report sets forth the requirements of a lawful inventory search: "(1) the individual whose possession is to be searched has been lawfully arrested, and (2) the search is conducted as part of the routine procedure incident to incarcerating an arrested person and in accordance with established inventory procedures." *United States v. Cartwright*, 630 F.3d 610, 614 (7th Cir. 2010) (citing *United States v. Jackson*, 189 F.3d 502, 508–09 (7th Cir. 1999)). There was no clear error in the finding that the exception applied, despite the Defendant's objection that Officer Kling listed only drugs on the Impound Report, and not the baggies, scales, and a Mason jar that he also found. Officer Kling testified that he did not consider these items valuable, and officers only list items of value on the form. This distinction for items of value is consistent with the purpose of an inventory search. *See Florida v. Wells*, 495 U.S. 1, 4 (1990) (stating that inventory searches need not be conducted in a "mechanical 'all or nothing' fashion" but can allow for the "exercise of judgment based on concerns related to the

purposes of an inventory search" to protect an owner's property). Neither was there any merit in the Defendant's argument that the inventory search should have been conducted after the motorcycle was impounded, not before. Finding no clear error, the Court ADOPTS the conclusion that the search of the motorcycle was lawful pursuant to the inventory search exception.

C.     **Search Incident to Arrest Exception**

The Government argues that the Court should recognize that an additional, alternative, exception applies to his case. Under this exception, police are authorized to "search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or* it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 351 (2009) (emphasis added); *see also Davis v. United States*, 564 U.S. 229, 234–35 (2011) (noting that the *Gant* decision "adopted a new, two-part rule under which an automobile search incident to a recent occupant's arrest is constitutional (1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe that the vehicle contains 'evidence relevant to the crime of arrest'"). There is no dispute that the first part of the exception did not apply: the Defendant was already secured inside a police vehicle when the motorcycle was searched. Noting that the crime of arrest was for fleeing from Officer Kling on his motorcycle, the Magistrate Judge reasoned that *Gant* did not permit an officer to conduct a search for the contraband that was unrelated to the crime of arrest.

This is an accurate statement, but the Government takes issue with what kind of evidence

is relevant to the Defendant's resisting arrest offense, and maintains that it was reasonable to believe that the motorcycle contained evidence to establish the Defendant's offense of resisting arrest. As the argument goes, it was reasonable to believe that the Defendant was motivated to flee because he possessed illegal drugs or weapons. It was also reasonable to believe (in fact, there was probable cause to believe) that the Defendant was carrying drugs. A conviction for resisting law enforcement requires proof of criminal intent. Because proving the Defendant's motive for committing the crime would have been relevant at a trial, and the presence of contraband on his motorcycle would have a tendency to prove that he knowingly or intentionally fled police to prevent them from finding the contraband, the contraband was related to the offense of resisting law enforcement.

The Court need not determine whether this an appropriate interpretation of *Gant*. Two alternative and independent exclusions render the search of the Defendant's motorcycle lawful under the Fourth Amendment. Accordingly, the Defendant's requested sanction of excluding from admission at trial the incriminating evidence that the police discovered during the search is not warranted. Rather than decide a close issue on a potential third ground, the Court relies on the findings related to the automobile exception and the inventory search exception to deny the Defendant's Motion to Suppress. In so doing, the Court makes no finding on the merits of the Government's argument regarding the search incident to arrest exception, but, for clarity, REJECTS the portion of the Report and Recommendation analyzing the *Gant* exception. The application of that exception remains undecided because it is not necessary to the outcome of the Defendant's Motion.

**CONCLUSION**

For the reasons stated above, the Court ADOPTS from the Report and Recommendation [ECF No. 44] the Findings of Fact and the conclusions that the search of the Defendant's motorcycle on August 20, 2016, did not violate the Defendant's Fourth Amendment rights because both the automobile exception and inventory search exception to the warrant requirement apply. Accordingly, the Court DENIES the Defendant's Motion to Suppress [ECF No. 32]. The Court REJECTS the portion of the Report and Recommendation analyzing the search incident to arrest exception, with the Court making no ruling on the application of that exception. A separate scheduling order will be issued.

SO ORDERED on June 20, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT